# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| MARQUETTE JACKSON, | ) | CASE NO. 1:17 CV 2618 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | |
| | ) | <u>OPINION AND ORDER</u> |
| JUDGE GILMOORE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

<u>CHRISTOPHER A. BOYKO, J.</u>:

*Pro se* Plaintiff filed this action against United States District Court Judges Gwin and Oliver, United States Magistrate Judge Parker and Judge Gilmoore. Plaintiff's Complaint is incomprehensible. In total, it states: "consciously taking in-insubordination reprimanded [illegible] their comprehensive servitude of unlawful act of self-gratification of legal tender and/or monies from Fort Knox which by bribes of the state federal Ohio government federal government." Plaintiff does not assert any legal claims and does not specify the relief sought in this action.

Plaintiff filed an Application to Proceed *In Forma Pauperis* (Doc. No. 2). That Application is granted.

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to

dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*.

In reviewing a Complaint, the Court generally must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). The Court, however, is given discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The case at bar undoubtedly presents just such a

Complaint. It does not contain a coherent statement of fact, a decipherable legal claim, nor a request for relief.

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. No. 2) is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

DATED: April 19, 2018

---

[1]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.